My name is Mark Meyer. I'm representing Michael Snow, who was convicted of conspiracy to distribute crack cocaine and also distribution of small amounts of crack cocaine. As a person who had a prior conviction for a felony drug offense, this same conviction was also one of two career offender predicates that made him a career offender, which drastically increased his sentence. The district court also imposed this career offender sentence to run consecutive to another sentence that might be imposed in the future. It hadn't actually been imposed. It was a matter of a state court case that Mr. Snow was on parole for. Parole hadn't been revoked or there had been no application revoked. So the two issues are, did the district court plainly err by sentencing Mr. Snow as a career offender and did the district court err by imposing that sentence consecutive to another sentence that actually might be imposed in the future that hadn't been imposed yet or no proceedings had been initiated to revoke Mr. Snow's parole? I thought the plain error argument from the brief was not the career offender classification but the use of 851 to increase the statutory max. Well, it's a double counting issue. Okay, but we don't have the typical, this isn't the career offender predicate issue. Oh, you know, I should have raised that. There's probably questions about it. Come on, you've only got five minutes. That's true. I'm just trying to clarify. Yeah, it's a double counting issue. The same offense was used as 851 predicate in a career offender predicate. I don't understand your attempt to either distinguish or discredit career offender. Well, two grounds. Number one, there are intervening Supreme Court precedent that suggests that failing to properly calculate the correct guidelines range is more significant than it was. That hasn't changed. Really? Kuroga, an advisory guidelines decision? I think so. Kuroga, it was an advisory, but in Pew, the Supreme Court found that failure to properly Okay, but what difference does that make? I don't understand what difference the clarification of procedural error makes in an advisory guidelines range that hasn't changed, or regime that hasn't changed. Yeah, Kuroga found that the guidelines merely establish a range of punishment within a statutory range. The emphasis is on merely. The argument is that the failure to calculate the guideline is a lot more important than was credited in Kuroga, as indicated by subsequent Supreme Court precedent. I'm actually more interested in the other argument, the consecutive point. And there you don't have a state sentence yet to run it consecutively to. But Setzer, the Supreme Court case, seems to say that as long as you can anticipate a state sentence, that's good enough and the district court has authority. But what's your response? I think the key word is anticipate. Can you anticipate? In that case, there had actually been an application to revoke filed. And so you could anticipate a sentence in Setzer. But here, there is no sentence. He is on parole. Parole had not been revoked. No application revoked. So can you actually anticipate? But if he did something illegal, he still has a pending sentence remaining under Iowa law. And so you can guess that they're going to try to revoke his probation based on his illegal activity, can't you? Anticipate, whatever word you want to use. Well, you could assume that that might be a possibility. But I guess my point, and I'm eating into the other counsel's time, is that I'm not aware of any case anywhere that has so far decided that a district court can run one sentence consecutive to another sentence that hasn't been imposed yet or no application has been made. So I'll defer to the other counsel. Thanks. Mr. Roth. Thank you, Your Honor. May it please the court. Counsel, my name is Christopher Roth. Excuse me, I represent Mr. Deon Goldsmith, who pled guilty to use of communication facility in violation of 21 U.S.C. 843. He pled guilty via a plea agreement, which is one of the issues here today. Mr. Goldsmith wishes to assert that the lower court erred in denying his motions to suppress the out-of-court identification and evidence derived from the stop of the car he was in. And to get there, he needs to assert that the plea was a conditional plea. This court and U.S.V. Limley recognize that a plea, which even does not explicitly state it's a conditional plea, can still be analyzed to determine whether it is conditional. The Limley court did state- Well, what I didn't see in the briefs, and maybe it doesn't exist, is that there's a case that discusses whether you can get around criminal rule 11A2. As far as the- That there has to be an explicit- Then criminal rule 11A2 tells you how to do it, right? And that wasn't done here, and does any case excuse that? Your Honor, there's no case that I could find that would excuse the court's requirement that a pretrial motion is explicitly stated. The rule itself says that there has to be a specified pretrial motion in the plea agreement. Now, in this case, I guess we're kind of differing a little bit in this case. There was not a specified pretrial motion named in the plea agreement. There was language in the plea agreement as far as any and all rulings of the court can be challenged on appeal. Now, it's not specifically matching that rule, but it's Mr. Goldsmith's assertion that that is sufficient for the conditional plea. It's not matching. It didn't comply with the plain text of the rule, did it? Your Honor, I would say that- And that's why I used the word excuse. There's case law about excusing all kinds of procedural imperfections. There's nothing on 11A2 either that it has to be strictly complied with or doesn't. Your Honor, as far as case law goes, there's not yet. In this case, I do believe there's fact sufficient to rebut that limly presumption that this is a conditional plea, or the presumption is that it's unconditional. I mean, if you look at the plea agreement itself, there's no appeal waiver. There's a language in there about challenging rulings on appeal. And then looking at the plea colloquy, there's no discussion from the judge during the plea colloquy about the fact that Mr. Goldsmith was waiving or giving up his rights to challenge pretrial rulings in that plea colloquy. Yeah, but to get to Judge Loken's point, the language is even more specific than you suggest it is, which is it says that you have to reserve in writing, right, in writing, the right to have an appellate court review an adverse determination of a, quote, specified pretrial motion. And I think the word specified does a little bit of work there, which is you can't just throw it into general language. You have to specify what the pretrial motion is. What's your response to that? Your Honor, again, I know that this court has, and I know Ms. Neidel cited in her brief, the Freeman case has kind of taken that one step further to you have to explicitly state which pretrial motion. However, again, it's our assertion that the general statement of any and all rulings of the court is sufficient to meet that 11A2 language. And, again, when looking at just all the factors as a whole, it's our belief that it does meet the conditions for a conditional plea. Go ahead and reserve any rest of the time for rebuttal. Thank you, Your Honors. Thank you. Ms. Neidel? You've worked that before. Yeah. May it please the court, counsel. My name is Emily Neidel. I'm an assistant United States attorney for the Northern District of Iowa, and I'm here representing the United States of America. I'd like to return to where I just left off with regard to the conditional plea. Looking at the full language of 11A2, a conditional plea is with the consent of the court and the government. A defendant may enter a conditional plea reserving in writing the right to appeal adverse determination of a specified motion. Now, this morning you've already spent some time discussing the specified motion portion. I would note also, though, that that section begins with the consent of the court and the government. In this case, we had a plea agreement that, but for the language pointed out by defense, was void of any discussion of conditional plea. It didn't use the word conditional plea. It didn't cite any specific motions. Then turning to the rest of the- Counsel, was the 11A argument made in the government's brief? Pardon me, Your Honor? Was the 11A argument made in the government's brief? I believe, Your Honor, we did address that the language wasn't consistent with the 11A2. With regard to then the record in this case, the plea agreement is void of language discussing conditional language. The plea colloquy was void of this language. There was no discussion of any reservation of any pre-trial rulings or motions. The record itself discussed that this defendant would not have the opportunity to withdraw his plea should he be unhappy or change his mind later. What does that broad language-this is a very, very broad reservation of rights- what would it cover in the government's view, if not these types of motions? Looking at the document as a whole without just that one paragraph, the section that this is in discusses sentencing factors. And it lays out for the parties what terms are agreed to and not, and then it's the last paragraph of that sentencing section that discusses that you reserve all rights not already given up. I would argue that looking at the law, we presume when one pleads guilty that you are waiving all rights. And so the plea itself is a waiver, and therefore you haven't maintained it. So even under that language, even if you expand it and consider it for the entire plea agreement rather than just the sentencing section. Like an intervening decision like Mathis? Is that one of the things that would be reserved? I think in the context, it would be anything with regard to sentencing that would be reserved. The sentencing hadn't been contemplated, and so a ruling later could adjust that, but with regard to what's been preserved. Mathis, of course, was a sentencing determination. Certainly. So that would be the reason for the breadth is that you're not sure what, as many sentencing issues as the Supreme Court issues every year and we issue every year, who knows what might change. And not just intervening, Your Honor, also with regard to in the future the court will, as contemplated in the plea agreement, there will be a sentencing hearing. The court will make rulings, and it notes that you have the ability, based on the plea agreement, absent somewhere else in the agreement giving that up, you have the ability to make argument and preserve those rulings. And that's noteworthy in this case because in this case, moving somewhat to the second issue with regard to Mr. Goldsmith regarding his sentencing, in his plea agreement he indicated that there were no basis for departure or variance, yet today he asks that you find that his sentence was substantively unreasonable, this despite getting the bottom of the guideline range, this despite getting the exact sentence that this defendant asked for. He points to a couple of factors that he claims were not considered by the court, but the record is inconsistent with that. In this case, instead, this defendant, the information that he claims was not considered was within the PSR, and at least a portion of it with regard to his children was discussed by the court. In this case, because there is a guideline sentence, we presume that it is reasonable, and there has been nothing to indicate in the record that it should not be so. Turning to Mr. Snow, I would submit that as the court has previously discussed, this case does match up well with Kuraga. In that case, that defendant also was in a situation where it appears in the record that he pled to a B-1B offense. His penalties then were impacted by this 851. It shifted it to a 10-to-life sentence based on the 851, and then it was used in career offender. Do you agree that we're on plein air review with regard to that particular issue? Yes, Your Honor. I would also note that with regard to this issue and the 851 double-counting issue, the parties plea agreement with regard to Mr. Snow certainly contemplated this. He agreed that he had an 851. He agreed that the penalties that were appropriate were the 10-to-life range, and he agreed that in this case he would be a career offender. All that came to fruition and was correct, and ultimately there was no objection at sentencing, and that's where the defendant was sentenced. We submit that additionally it was appropriate for the court to make a determination with regard to consecutive or concurrent, and that the court was within its discretion to make that ruling. Well, you know, Counsel, that's where I'm having some trouble. The Supreme Court in the Setzer case says anticipated, and I guess my question for you is how is it anticipated here? Well, Your Honor, in this case this was a defendant that was on parole at the time, so it is certainly anticipated that any defendant that is on parole that commits new crimes risks being sent back to prison. I would argue that during the course of his time on parole, he's actually finishing out the sentence. He's under this imposed sentence. The time hasn't run. He hasn't finished his sentence, if you will, but he knows what a sentence is. You go in in the state of Iowa knowing that you have an indeterminate sentence up to some number. So unlike the federal system where one knows, well, I've been sentenced to 35 months, when you're sentenced in state court in Iowa, you're told if it's, for instance, a D felony, that your sentence could be up to five years. Unlike the federal system, they have parole, and so you are still on parole, but that's not a discharge term until you finish it. Suppose, though, that we change the facts slightly, and the defendant commits a crime that is both illegal under federal law and it's illegal under state law. The federal prosecution proceeds first, but you can anticipate that maybe there's going to be a state prosecution down the line. The federal judge says, well, because this was also illegal under Iowa law, I'm going to go ahead and make it consecutive to whatever prosecution might occur in the future. Is that anticipated or is that different? It's very different, and the reason being in that you don't even have a case number, let alone a sentence you're referencing. Here, the judge had a case number to be able to say it's the AG case number, it's the FE case number, I'm specifically running it consecutive to those sentences. In that case, the sentences had already been known. As we've discussed, this was a defendant that was on parole, so we knew essentially the maximum possible penalties, and so the court was able to say specifically these sentences are the ones, these terms, these counts. I think it's a larger hypothetical and much less likely that after a federal prosecution, a state entity will then decide we want our bite at the apple as well, and so I think that's a very different circumstance in comparison with what occurred in this case. I would also note that if the defendant was in a situation where ultimately the state never filed a revocation of parole, there would be nothing for this to be run consecutive to, and therefore essentially there would be no harm to the defendant. It only becomes relevant should an application be filed. Are there any cases like this? Opposing counsel made the assertion there are no cases in the country that allow this, and I guess I'm somewhat sympathetic to this from one perspective, which is the way the Supreme Court characterized the Setzer Rule. It said this is a preexisting power, and the limitations in statute are just that, they're limitations, and so I'm trying to figure out whether this is something that sort of preexisted in federal court's power. Your Honor, I'm not specifically aware of exactly this. I think in our brief we cited a couple of different cases, and they were all slight variations where either the defendant was on probation or the defendant was on parole but the application had been filed, or they were in state custody prior to coming into federal custody. So I am not aware of a specific case where I can say this exact circumstance happened, but I think when you look at all the other options that have been contemplated, in all of those it was allowed, and so I think this isn't a step that is outside of previous opinions and the way that previous cases have been determined. I see my time is ending, and unless there's any other questions, I will wish you a good day. Thank you. There's a little bit of time for rebuttal if one of you wants to use it up. Thank you, Your Honors. My limited time for rebuttal, I would just state once again, as far as the plea goes, questions were asked about the general language in the plea. I would say the absence of some language is also important here. In a lot of plea agreements, there's language put in about appeals and appeal waivers and what appeal rights are, and that wasn't here. Thank you, Your Honor. Thank you.